**COMP**
BEN J. BINGHAM, ESQ.
Nevada Bar No. 7280
LINA SADOVNIKAITE, ESQ.
Nevada Bar No. 13240
BENSON & BINGHAM
11441 Allerton Park Dr., Suite 100
Las Vegas, NV 89135
(702) 382-9797
(702) 382-9798 facsimile
litigate@bensonbingham.com
Attorneys for Plaintiff



# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| YOLANDA CHATWOOD, | |
| Plaintiff, | Case No. |
| vs. | |
| KUMAR KRISHAN; SAFFRON TRANSPORT INC.; DOES I through X, and ROE CORPORATIONS I through X, inclusive, | **COMPLAINT** |
| Defendants. | |

COMES NOW Plaintiff, YOLANDA CHATWOOD, by and through her attorneys of record, Benson & Bingham, and for her claims for relief against Defendants, and each of them, alleges and complains as follows:

### JURISDICTION

1. At all times mentioned herein, Plaintiff, Yolanda Chatwood, was and is a resident of the State of Nevada.

2. Upon information and belief, at all times mentioned herein, Defendant, Kumar Krishan (hereinafter referred to as "Defendant Krishan"), was and is a resident of the State of California.

207814

3. Upon information and belief, at all times mentioned herein, Defendant, Saffron Transport Inc. (hereinafter referred to as "Defendant Saffron"), is a corporation incorporated under the laws of the State of California with its principal place of business in the State of California.

4. That the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I-X and ROE CORPORATIONS I-X, inclusive, are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. The Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated herein as a DOE or ROE CORPORATION is vicariously, statutorily, contractually, and/or otherwise responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to the Plaintiff as herein alleged. The Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES I-X and ROE CORPORATIONS I-X, inclusive, when the same have been ascertained by the Plaintiff, together with appropriate charging allegations, and to join said Defendants in this action.

5. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1332.

**GENERAL ALLEGATIONS**

6. The Plaintiff incorporates paragraphs 1 through 5 by reference as though fully set forth herein.

7. At all times mentioned herein, particularly on or about November 22, 2019, the Plaintiff was operating a 2012 Ford Focus and was traveling westbound on Interstate 80 near milepost 359.6, a public roadway, in Laramie County, Wyoming.

8. At all times mentioned herein, Defendant Krishan was operating a 2014 Freightliner tractor and was traveling in the same direction, behind Plaintiff's vehicle.

9. Upon information and belief, at all times mentioned herein, Defendant Saffron was the owner of the vehicle operated by Defendant Krishan.

207814



10. At all times mentioned herein, Defendant Krishan followed too closely, failed to decrease speed, use due care, and/or pay full attention to driving, thereby causing a collision.

### FIRST CAUSE OF ACTION
### (Negligence)

11. The Plaintiff incorporates paragraphs 1 through 10 by reference as though fully set forth herein.

12. At all times mentioned herein, Defendant Krishan owed a duty to the general public, including the Plaintiff, to use due care while operating a vehicle on public highways.

13. At all times mentioned herein, Defendant Krishan breached his duty by driving in a negligent manner.

14. As a direct and proximate result of the negligence of the Defendants, the Plaintiff suffered injury to her person, incurred medical expenses and loss of earning capacity, all of which has caused and will continue to cause her pain and suffering.

15. As a direct and proximate result of the negligence of the Defendants, it has been necessary for the Plaintiff to retain services of an attorney to prosecute this action, and the Plaintiff is entitled to recover reasonable attorney's fees together with the costs of suit incurred herein.

### SECOND CAUSE OF ACTION
### (Vicarious Liability/Respondeat Superior)

16. The Plaintiff incorporates paragraphs 1 through 15 by reference as though fully set forth herein.

17. Upon information and belief, at all times mentioned herein, Defendant Saffron employed Defendant Krishan.

18. Upon information and belief, at all times mentioned herein, Defendant Krishan operated the vehicle while in the course and scope of his employment.

//

207814



19. At all times mentioned herein, Defendant Saffron is responsible for the previously alleged negligence of its employee, whose acts were in furtherance of the business and/or the principal.

20. As a direct and proximate result of the negligence of the Defendants, the Plaintiff suffered injury to her person, incurred medical expenses and loss of earning capacity, all of which has caused and will continue to cause her pain and suffering.

21. As a direct and proximate result of the negligence of the Defendants, it has been necessary for the Plaintiff to retain services of an attorney to prosecute this action, and the Plaintiff is entitled to recover reasonable attorney's fees together with the costs of suit incurred herein.

## THIRD CAUSE OF ACTION
### (Negligent Entrustment)

22. The Plaintiff incorporates paragraphs 1 through 21 by reference as though fully set forth herein.

23. Upon information and belief, at all times mentioned herein, Defendant Saffron owned, maintained, and controlled the vehicle operated by Defendant Krishan.

24. At all times mentioned herein, Defendant Saffron entrusted or furnished the vehicle it owned, maintained, and controlled to Defendant Krishan knowing that his use of the vehicle may create an unreasonable risk of harm to others.

25. As a direct and proximate result of the negligent entrustment of the vehicle to Defendant Krishan by Defendant Saffron, the Plaintiff suffered injury to her person, incurred medical expenses and loss of earning capacity, all of which has caused and will continue to cause her pain and suffering.

26. As a direct and proximate result of the negligence of the Defendants, it has been necessary for the Plaintiff to retain services of an attorney to prosecute this action, and the Plaintiff is entitled to recover reasonable attorney's fees together with the costs of suit incurred herein.

4

207814

## FOURTH CAUSE OF ACTION
### (Negligent Hiring)

27. The Plaintiff incorporates paragraphs 1 through 26 by reference as though fully set forth herein.

28. At all times mentioned herein, Defendant Saffron had a duty of care to hire competent, qualified, and safe employees.

29. At all times mentioned herein, Defendant Saffron breached its duty by hiring Defendant Krishan as an employee knowing that he was incompetent, unfit, and dangerous in his capacity as a driver.

30. As a direct and proximate result of the negligent hiring of Defendant Krishan by Defendant Saffron, the Plaintiff suffered injury to her person, incurred medical expenses and loss of earning capacity, all of which has caused and will continue to cause her pain and suffering.

31. As a direct and proximate result of the negligence of the Defendants, it has been necessary for the Plaintiff to retain services of an attorney to prosecute this action, and the Plaintiff is entitled to recover reasonable attorney's fees together with the costs of suit incurred herein.

## FIFTH CAUSE OF ACTION
### (Negligent Training)

32. The Plaintiff incorporates paragraphs 1 through 31 by reference as though fully set forth herein.

33. At all times mentioned herein, Defendant Saffron had a duty of care to adequately train its employees to ensure the safety of all motorists, including the Plaintiff.

34. At all times mentioned herein, Defendant Saffron breached its duty to adequately train Defendant Krishan.

//

//

207814

35. As a direct and proximate result of the inadequate training of Defendant Krishan by Defendant Saffron, the Plaintiff suffered injury to her person, incurred medical expenses and loss of earning capacity, all of which has caused and will continue to cause her pain and suffering.

36. As a direct and proximate result of the negligence of the Defendants, it has been necessary for the Plaintiff to retain services of an attorney to prosecute this action, and the Plaintiff is entitled to recover reasonable attorney's fees together with the costs of suit incurred herein.

## SIXTH CAUSE OF ACTION
### (Negligent Supervision)

37. The Plaintiff incorporates paragraphs 1 through 36 by reference as though fully set forth herein.

38. At all times mentioned herein, Defendant Saffron had a duty of care to adequately supervise its employees to ensure the safety of all motorists, including the Plaintiff.

39. At all times mentioned herein, Defendant Saffron breached its duty to adequately supervise Defendant Krishan.

40. As a direct and proximate result of the inadequate supervision of Defendant Krishan by Defendant Saffron, the Plaintiff suffered injury to her person, incurred medical expenses and loss of earning capacity, all of which has caused and will continue to cause her pain and suffering.

41. As a direct and proximate result of the negligence of the Defendants, it has been necessary for the Plaintiff to retain services of an attorney to prosecute this action, and the Plaintiff is entitled to recover reasonable attorney's fees together with the costs of suit incurred herein.

WHEREFORE, the Plaintiff prays for relief against the Defendants, as follows:

1. For damages in an amount in excess of the sum or value specified by 28 U.S.C. §1332;

2. For prejudgment interest;

3. For reasonable attorney's fees and costs of suit; and

//

6

207814

4. For such other and further relief as the Court may deem just and proper.

DATED this ____ day of May, 2021.

_____ 14752 FOR
BEN J. BINGHAM, ESQ.
Nevada Bar No. 7280
LINA SADOVNIKAITE, ESQ.
Nevada Bar No. 13240
BENSON & BINGHAM
Attorneys for Plaintiff

7

207814